NO. 07-07-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 11, 2007

_____

SHEA F. RAYMOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2005-496,325; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

On April 24, 2007, Appellant, Shea F. Raymond, filed his Notice of Appeal, by and through retained counsel, David Martinez, complaining of the trial court's Judgment convicting him of the Class B Misdemeanor offense of Driving While Intoxicated. Thereafter, on August 7, 2007, this Court permitted Appellant's counsel to withdraw. Subsequently, Appellant missed several deadlines for the filing of his brief. Consequently, by order dated October 5, 2007, this Court abated this appeal and remanded the cause to the trial court to determine why

Appellant had not filed a brief. The trial court was directed to determine (1) whether Appellant still desired to prosecute this appeal, (2) whether he was indigent and entitled to appointed counsel, and (3) if not indigent, whether Appellant had made necessary arrangements for filing a brief. This Court's order directed the trial court to file findings of fact and conclusions of law and include them in a supplemental clerk's record. On November 6, 2007, a supplemental reporter's record of the abatement hearing was filed, but no supplemental clerk's record has been filed.

Upon inquiry by the Clerk of this Court regarding the status of the supplemental clerk's record, Court Reporter, Sandra Shannon, indicated that the trial court's findings had been dictated into the record. The reporter's record does reflect that at the abatement hearing conducted on October 31, 2007, Appellant, who was represented by new retained counsel, unequivocally indicated he no longer wished to prosecute this appeal. Appellant's intention being clear, we invoke Rule 2 of the Texas Rules of Appellate Procedure to suspend operation of Rule 42.2(a), which requires that Appellant and his attorney sign a motion to dismiss.

Accordingly, the appeal is dismissed. The order of this Court directing the trial court to file findings of fact and conclusions of law is hereby rendered moot.

Patrick A. Pirtle
Justice

Do not publish.

2